Smith *vs.* Blakeney.

SMITH *VS.* BLAKENEY.

1. Where an action is brought against two defendants, and the writ is served on one only, and the plaintiff discontinues as to the defendant not served—he may, immediately after the discontinuance, issue fresh process against the defendant not served, and if he be found, proceed to judgment against him.

2. And the recitals in the writ, that a previous writ had issued against the defendant, and the party as to whom the judgment was taken—will not avail in error—the defendant having appeared.

Assumpsit upon a note signed " G. F. Davis, A. K. Smith."

On the fifteenth of July, eighteen hundred and thirty-six, the writ issued against Davis and Smith, returnable to the July term following of the County court. The writ was returned, executed on Davis alone, and the declaration was against him, discontinuing as to Smith.

At January term, eighteen hundred and thirty-seven, judgment on verdict was rendered against Davis, reciting dismissal as to Smith.

On the twenty-first December, eighteen hundred and thirty-six, an *alias* writ, founded on the original served on Davis, was issued against Smith ; and on the twenty-seventh March, eighteen hundred and thirty-seven, a *pluries* issued, which was executed eleventh April, eighteen hundred and thirty-seven.

At January term, a declaration was again filed against Smith, and judgment rendered by *nil dicit.*

Smith *vs.* Blakeney.

First. It was assigned for error, that the court erred in rendering judgment against plaintiff in error.

1st. Because a discontinuance was entered in the original declaration against the plaintiff in error, against whom writ was issued jointly with Davis.

2d. Because the case was continued against Davis, and judgment entered against him, dismissing the case as to plaintiff in error.

3d. Because the judgment was taken against plaintiff in error, upon a *pluries* writ issued *after* judgment had been obtained on the original writ against Davis.

Second.—The court erred in refusing to quash the writ in this case, on which judgment was obtained.

1st. Because it was a *pluries* writ, issued *after* judgment, on-the original, against another defendant.

2d. Because the case had been previously discontinued against plaintiff in error.

*Porter*, for the plaintiff in error.
*Phillips*, contra.

PER CURIAM.—Some difficulty is thrown around this case, from the manner in which the record is presented.

An original writ issued against Smith, the plaintiff in error, and one Davis, which was served on Davis, against whom a declaration was filed—on which, the suit, as to Smith, (who was not served with process) is discontinued. Judgment was rendered, on verdict, against Davis. Previous to the judgment against Davis, and after the discontinuance against Smith, a writ is issued, reciting the issuance of the previous writ, against both,

8 P.                    17

Smith *vs.* Blakeney.

and that it was not served on Smith. After the judgment against Davis, another writ is issued against Smith, which being served on him, and a declaration filed, he appears and moves the court to quash the writ, as founded on a proceeding previously discontinued. This motion was denied, and judgment rendered against him at a subsequent term. All of the proceedings against Davis are irregularly entered in the transcript as a part of the record of this suit : when these are stricken out, there will appear only the writs and proceedings against Smith, and the recitals of a previous writ having been issued against him and Davis, is not such a defect as can be available to him.

As soon as the action was discontinued in the court below, the plaintiff in that court had the right to sue out process against Smith, and the recital of the former writ can not vitiate the subsequent process.

Let the judgment be affirmed.